John **ARMSTRONG**, Plaintiff,

v.

**NCL (BAHAMAS) LTD.,**
**et al., Defendants.**

**Case No. 13–22522–CV.**

United States District Court,
S.D. Florida.

Signed Nov. 26, 2013.

John Heyward Hickey, Hickey Law Firm PA, Miami, FL, for Plaintiff.

Curtis Jay Mase, Cameron Wayne Eubanks, Valentina M. Tejera, William Robert Seitz, Mase, Lara, Eversole PA, Miami, FL, John David Farrish, Hawkins Parnell Thackston & Young LLP, Atlanta, GA, for Defendants.

### ORDER GRANTING MOTION FOR REMAND [ECF No. 15]; DENYING AS MOOT MOTIONS TO COMPEL ARBITRATION [ECF No. 6], STAY DISCOVERY [ECF No. 34], AND STAY ARBITRATION [ECF No. 42]; CLOSING CASE

ALAN S. GOLD, District Judge.

This Cause is before the Court upon Defendant NCL (Bahamas) Ltd.'s ("NCL") Motion to Dismiss and Compel Arbitration [ECF No. 6], Plaintiffs Motion for Remand [ECF No. 15], and various related Motions. Having reviewed the pleadings and record, and being otherwise duly advised, I conclude this case does not meet the jurisdictional prerequisites of the Convention on Recognition and Enforcement of Foreign Arbitral Awards and remand the case to state court.

## I. Background

Plaintiff John Armstrong is an American citizen and seaman formerly employed by Defendant NCL as a bandmaster aboard the vessel NCL *Gem.* Plaintiffs employment was government by an Employment Agreement [ECF No. 1–1] executed in Venice, Italy on July 10, 2010. The Employment Agreement contained the following arbitration provision:

15. ARBITRATION—Seaman agrees, on his own behalf and on behalf of his heirs, executors, and assigns, that any and all claims, grievances, and disputes of any kind whatsoever relating to or in

any way connected with the Seaman's shipboard employment with Company including, but not limited to, claims such as personal injuries, Jones Act claims, actions for maintenance and cure, unseaworthiness, wages, or otherwise, no matter how described, pleaded or styled, and whether asserted against Company, Master, Employer, Ship Owner, Vessel or Vessel Operator, shall be referred to and resolved exclusively by binding arbitration pursuant to the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards (New York 1958)("The Convention"), except as otherwise provided in any government mandated contract, such as the Standard POEA Contract for Seafarers from the Philippines. The arbitration shall be administered by the American Arbitration Association ("AAA") under its International Dispute Resolution Procedures. No dispute may be joined with another lawsuit, or in an arbitration with a dispute of any other person, or resolved on a class-wide basis.

... The language of the arbitration shall be English. The place of the arbitration shall be the Seaman's county of citizenship, unless arbitration is unavailable under The Convention in that country, in which case, and only in that case, said arbitration shall take place in Nassau, Bahamas. The substantive law to be applied to the arbitration shall be the law of the flag state of the vessel.

...

The Company and the Seaman acknowledge that they voluntarily and knowingly waive any right they have to a jury trial. The arbitration referred to in this Article is exclusive and mandatory. Lawsuits or other proceedings between the Seaman and the Company may not be brought except to enforce the arbitration provision of this Agreement or to enforce a decision of the Arbitrator. The Seaman shall continue to satisfacto-

rily and in good faith perform his/her duties and the parties shall abide by this Agreement while disputes or grievances are being resolved.

[ECF No. 1–1, ¶ 15].

On August 24, 2010, while exiting a performance stage onboard the *Gem,* Plaintiff missed the steps, fell several feet, crashed to the floor below, and suffered permanent and debilitating injuries. According to Plaintiff, NCL failed to provide a safe means of exiting stage.

Plaintiff sued NCL in the Circuit Court for the Eleventh Judicial Circuit in and for Miami–Dade County, Florida for Jones Act negligence (Count I), unseaworthiness (Count II), failure to provide maintenance and cure (Count III), failure to treat (Count IV), wages and penalties under 46 U.S.C. § 10313 (Count V), and retaliatory discharge (Count VI). NCL removed the case to federal court [ECF No. 1], asserting federal question jurisdiction under the Convention on Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), codified at 9 U.S.C. § 202 *et seq.*

NCL then sought to dismiss the case and compel arbitration [ECF No. 6], arguing, pursuant to the Employment Agreement, Plaintiff must submit his claims to arbitration in the United States under Bahamian law. In response and in his Motion for Remand [ECF No. 15], Plaintiff argues the Convention does not apply to this case because Armstrong and NCL are both United States citizens and their relationship does not present an adequate nexus to a foreign state. Plaintiff further argues arbitration of his claims amounts to prospective waiver of his statutory rights and is not permitted under *American Express Co. v. Italian Colors Restaurant,* —— U.S. ——, 133 S.Ct. 2304, 186 L.Ed.2d 417 (2013).

## II. Analysis

 Pursuant to 9 U.S.C. § 205, federal courts have removal jurisdiction over actions relating to an arbitration agreement falling under the Convention. 9 U.S.C. § 205. An arbitration agreement falls under the Convention when four jurisdictional prerequisites are met: (1) there is an agreement to arbitrate in writing; (2) the agreement provides for arbitration in the territory of a signatory to the Convention; (3) the agreement arises out of a commercial, legal relationship; and (4) a party to the agreement is not an American citizen, or the relationship between the parties "involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states." *Bautista v. Star Cruises*, 396 F.3d 1289, 1294, n. 7 (11th Cir.2005) (citation and quotation omitted); 9 U.S.C. § 202. The question under this fourth inquiry is whether "there is a reasonable connection between the parties' commercial relationship and a foreign state that is independent of the arbitral clause itself." *Ensco Offshore Company v. Titan Marine L.L.C.*, 370 F.Supp.2d 594, 597 (S.D.Tex. 2005) (quoting *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 339–340 (5th Cir.2004)); *see also Jones v. Sea Tow Services Freeport N.Y. Inc.*, 30 F.3d 360, 365–66 (2d Cir.1994) (legislative history of Convention affirms Congress' intent that agreement have a connection with a foreign state). As the party seeking federal jurisdiction, it is NCL's burden to prove jurisdiction under the Convention. *See, e.g., McGee v. Sentinel Offender Services, LLC*, 719 F.3d 1236, 1241 (11th Cir. 2013) ("A party seeking to remove a case to federal court bears the burden of establishing federal jurisdiction."); *Singh v. Carnival Corp.*, 550 Fed.Appx. 683, 2013 WL 5788581 (11th Cir. Oct. 29, 2013) ("The party seeking to compel arbitration ... bears the burden of proving each of these jurisdictional prerequisites."); *Czarina, L.L.C. ex rel. Halvanon Ins. Co. Ltd. v. W.F. Poe Syndicate*, 254 F.Supp.2d 1229, 1236 (M.D.Fla.2002) (party seeking confirmation of arbitral award under the Convention bears burden of proof with respect to invocation of subject matter jurisdiction).

 Here, the parties agree that the Employment Agreement meets the first three jurisdictional requirements. The parties also agree both Plaintiff and NCL are United States citizens for purposes of the Convention. The parties disagree, however, as to whether there is a sufficient foreign nexus to meet the fourth jurisdictional requirement.

Carnival argues the agreement falls under the Convention because Plaintiff was to be employed on a vessel "plying the waters off the costs of various European countries and docking at their ports." [ECF No. 6, at 5]. Carnival also notes that Plaintiff signed the Employment Agreement in Venice, Italy and signed on and off duty in Venice. [ECF No. 27, at 2]. Plaintiff, on the other hand, emphasizes that he performed work only onboard the *Gem*, and was not requested to perform any work or services on foreign soil. [ECF No. 15, at 6]. Plaintiff also notes he was hired by NCL through an employment agency located in North Miami, Florida, and his salary was paid in United States Dollars. [*Id.*; ECF No. 15–1].

Upon review of the parties' relationship and applicable case law, I conclude the relationship between Plaintiff and NCL is not the kind of transnational legal relationship governed by the Convention. Although the parties executed the Employment Agreement in Venice, Italy and Venice served as Plaintiffs sign-on and sign-off ports, the Agreement does not envisage Plaintiff's performance of work or services abroad because Plaintiff per-

formed work only aboard the *Gem* and was never requested to perform work or services on foreign soil. *See Gilroy v. Seabourn Cruise Line, Ltd.,* 2012 WL 1202343, at *3 (W.D.Wash. April 10, 2012) ("[T]ime on international water does not establish an international relationship."); *Matabang v. Carnival Corp.,* 630 F.Supp.2d 1361, 1367 (S.D.Fla.2009) ("Even assuming [a vessel] spends 80–85% of the time in the Bahamas, in Bahamian waters and sailing on high seas, ... this does not necessarily equate with a reasonable relation with one or more foreign states under § 202." (internal quotations omitted)); *Ensco Offshore Company v. Titan Marine L.L.C.,* 370 F.Supp.2d 594, 601 (S.D.Tex.2005) (activities in international waters do not meet fourth jurisdictional element of reasonable relation with one or more foreign states). Further, both Plaintiff and NCL are United States citizens, Plaintiff was hired by NCL through an employment agency located in the United States, and Plaintiff was paid by NCL in United States currency. On these facts, I conclude the parties' legal relationship does not bear a reasonable relation to a foreign state, the Convention's fourth jurisdictional prerequisite is not met, and I lack subject matter jurisdiction over this case. *See Matabang,* 630 F.Supp.2d at 1364 (agreement between citizens of the United States falls under Convention only where "significant extra-domestic elements" are present). Accordingly, I grant Plaintiff's Motion for Remand and remand the case to state court.[1] *See St. Hugh Williams v. NCL (Bahamas) Ltd.,* Case No. 11–12150 (11th Cir. February 15, 2013) (citing Supreme Court and Eleventh Circuit Court of Appeals precedent and concluding, "the district court's remand order was based on lack of subject matter jurisdiction, so we do not have jurisdiction to review it.").

Plaintiff also seeks, pursuant to 28 U.S.C. § 1447(c), attorneys' fees and costs for improper removal to this Court. Courts may award fees and costs incurred as a result of removal "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). Noting that there is no binding case law mandating remand on the facts of this case, I conclude NCL did not lack an objective reasonable basis for removal. I accordingly deny Plaintiff's request for attorneys' fees and costs. It is HEREBY ORDERED and ADJUDGED as follows:

1. Plaintiff's Motion for Remand [ECF No. 15] is **GRANTED in PART,** as specified herein.

2. This case is remanded to the Circuit Court of the Eleventh Judicial Circuit, in and for Miami–Dade County, Florida.

3. Defendant NCL (Bahamas) Ltd.'s Motion to Dismiss and Compel Arbitration [ECF No. 6] is **DENIED as MOOT.**

4. Defendant's Motion for Protective Order and to Stay Discovery [ECF No. 34] is **DENIED as MOOT.**

5. Plaintiff's Motion for Order Staying Arbitration [ECF No. 42] is **DENIED as MOOT.**

6. The Clerk of the Court is instructed to **CLOSE** this case.

---

1. Because I conclude I do not have subject matter jurisdiction over this case, I do not reach Plaintiff's argument that arbitration amounts to a prospective waiver of Plaintiff's statutory rights under *American Express Co. v. Italian Colors Restaurant,* —— U.S. ——, 133 S.Ct. 2304, 186 L.Ed.2d 417 (2013).